UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KAMELIAH SHOTO                                                                                          PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:17CV60 DPJ-FKB

WALMART STORES, INC.                                                                                DEFENDANT

ORDER OF DISMISSAL

This cause is before the Court for consideration of dismissal pursuant to the Court's two Orders [6, 9] and Defendant's Motion to Dismiss [10].

On April 5, 2017, Magistrate Judge F. Keith Ball granted Kameliah Shoto's counsel's motion to withdraw as attorney and directed Shoto to notify the Court in writing on or before May 5, 2017, of her election to employ counsel or proceed pro se. Order [6]. Judge Ball warned Shoto that failure to respond may result in dismissal. *Id.* Shoto did not respond.[1]

On May 12, 2017, Judge Ball entered an Order to Show Cause [9] directing Shoto to show cause by June 12, 2017, why she failed to comply with the Court's earlier Order and instructing her to notify the Court in writing as to her election to proceed with or without counsel. Judge Ball once again cautioned Shoto that failure to respond may result in dismissal. Shoto did not respond.

Finally, on June 13, 2017, Defendant filed its Motion to Dismiss [10], citing Shoto's failure to respond to Judge Ball's two prior Orders. Shoto did not respond in opposition to the motion, and the time to do so has passed.

---

[1] On May 8, 2017, Judge Ball entered an Order to Show Cause [7] directing Shoto's former counsel to file a certificate of service indicating Shoto had been served with a copy of the April 5 Order. The certificate of service [8] was filed on May 10, 2017, showing the Order was received by Shoto on April 29, 2017.

This Court has the authority under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss this action for Plaintiff's failure to prosecute and failure to comply with orders of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link*, 370 U.S. at 629–30.

Based on Shoto's failure to respond to two Court Orders [6, 9] and Defendant's Motion to Dismiss [10], the Court finds this action should be dismissed without prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE